IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY LYNN DRIVER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DR. INNOCENTES SATOR *et al.*, )<br>)<br>    Defendants. ) | Case No. 3:13-cv-364<br><br>Judge Trauger |

## **MEMORANDUM OPINION**

Plaintiff Jerry Lynn Driver, a state inmate incarcerated at Riverbend Maximum Security Institution ("RMSI"), filed his complaint (ECF No. 1) in this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  FACTUAL ALLEGATIONS

The plaintiff has been incarcerated at RMSI for approximately fifteen years. He alleges that he was first diagnosed with hepatitis C approximately six years ago, in January 2008. At the time, he was sent to an outside gastroenterologist, who recommended that he be treated for the condition. He was started on treatment with interferon and ribavirin. After eleven weeks, however, the treatment was stopped because the plaintiff's white-blood cell count was low, and he was told he would need "booster" shots in order to continue treatment with interferon and ribavirin. Nurse Practitioner David Miller contacted First Medical Management to get the booster shots approved, but was told the shots cost too much and therefore were not approved. As a result, the plaintiff was no longer able to continue treatment with interferon and ribavirin.

The plaintiff filed grievances related to the withdrawal of treatment, which were denied. He alleges that after being taken off the medications, he experiencing increased symptoms related to his hepatitis C, including severe back and side pain. Since then, the plaintiff has continued filing grievances and Inmate Information Requests, and sending letters to various officials. His pain symptoms have been treated with morphine for the past three years, but the prison has continued to refuse to authorize the "booster" shots he needs to improve his white-blood cell count and allow him to go back on interferon/ribavirin treatment. As

recently as February 2013, the plaintiff spoke with Dr. Paul Alexander, asking once again for medical treatment for hepatitis C, which was again denied. According to the allegations in the complaint and the grievances attached thereto, the plaintiff contends that Corizon Medical Services (who plaintiff states was formerly named Correctional Medical Services), First Medical Management, and Dr. Alexander have knowingly failed and continue to fail to provide necessary treatment for his hepatitis C due to the cost of providing such treatment, thereby increasing his risk of dying prematurely of the disease.

The plaintiff names as defendants Dr. Paul Alexander, a doctor employed at RMSI; Dr. Innocentes Sator, a doctor formerly employed at RMSI but now employed at Charles Bass Correctional Complex; Cynthia Pratt; Tim McConnell, Hospital Administrator at RMSI; Corizon Medical Services; Correctional Medical Service; First Medical Management; and "unknown persons that assisted them." (ECF No. 1, at 3.)

The plaintiff states that he sues all defendants in both their official and individual capacities. He seeks compensatory and punitive damages as well as injunctive relief, specifically in the form of an order requiring the defendants to treat him for his medical problems, and not deny treatment solely on the basis of cost.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.   LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. In addition, to state a claim against an individual under § 1983, the plaintiff generally must allege that individual's personal involvement in the actions that allegedly gave rise to a constitutionally based claim. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Failure to allege the personal involvement of a particular defendant will result in the dismissal of the complaint as to that defendant. In addition, claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

### A.   The Claims Against Cynthia Pratt and Tim McConnell

In this case, although the plaintiff names Cynthia Pratt and Tim McConnell as defendants, he does not mention them in the factual recitation in his complaint or indicate what role they had in the alleged denial of medical care. To the extent the complaint might be construed to imply that these individuals supervised the doctors who provided medical care to the plaintiff, the law is clear that supervisory liability cannot be imposed in a § 1983 action based on the theory of *respondeat superior* without proof of personal involvement. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). Notably, "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it must be based on active unconstitutional behavior." *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (internal quotation marks and citation

omitted). At a minimum, the plaintiff must show that the supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)). The factual allegations in this case do not suggest that Pratt or McConnell had any participation in the decisions at issue here. The complaint therefore fails to state a claim against these defendants for which relief may be granted.

### B. The Claims Against Dr. Sator

The complaint mentions Dr. Innocentes Sator by name, but the only allegations associated with him are from 2008, when the plaintiff first began treatment with interferon and ribavirin but then was taken off the treatment when his white-blood cell count dropped. The plaintiff alleges that he was told by Dr. Sator that he was not approved for the "booster shots" to improve his white blood cell count because they cost too much, and therefore he was taken off the interferon/ribavirin treatment in approximately April 2008. The plaintiff alleges that he filed grievances related to these actions and that his appeal of the denial of his grievances was rejected in 2009. (*See* ECF No. 1, at 7–10.)

In Tennessee, an action under § 1983 is subject to a one-year statute of limitations. *See Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008) ("[T]he limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provision found in [Tenn. Code Ann.] § 28-3-104(a)." (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)). The claim against Sator accrued no later than the date the plaintiff became aware of Dr. Sator's alleged refusal to provide treatment, but was tolled while the plaintiff exhausted his administrative remedies through the prison grievance process. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). In other words, the plaintiff's claim against Sator accrued in 2008, but was tolled until sometime in late 2009, when the denial of the plaintiff's grievance was upheld in the administrative appeal. (*See* ECF No. 1, at 7–10.) This lawsuit, however, was not filed until April 2013, more than three years later. Accordingly, the court finds that any claim under § 1983 against Dr. Sator is barred by the applicable statute of limitations and is therefore subject to dismissal with prejudice.

### C. The Claims Against the Remaining Defendants

The plaintiff also names Dr. Paul Alexander, Corizon Medical Services (formerly known as

Correctional Medical Service), First Medical Management, and "unknown persons that assisted them." (ECF No. 1, at 3.) As set forth above, construed liberally, the complaint and the attachments thereto indicate that the plaintiff spoke with Dr. Alexander as recently as February 2013, asking once again for medical treatment for hepatitis C, which was again denied, and that Corizon Medical, First Medical Management, and Dr. Alexander have knowingly failed to provide necessary treatment for hepatitis C due to the cost.

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A deliberate indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.*

Under this standard, the court finds that the allegations in the complaint, construed liberally in favor of the plaintiff, are sufficient to allege a sufficiently serious medical need—treatment of the plaintiff's hepatitis C—and deliberate indifference to that need by defendant Dr. Alexander, Corizon Medical (formerly Correctional Medical Services) and First Medical Management, based on an alleged policy of denying necessary medical care deemed to be too expensive. For purposes of the initial review only, the court finds that the complaint states a colorable claim against these defendants that is not subject to summary dismissal at this stage.[1]

## IV.    CONCLUSION

For the reasons set forth herein, the claims against Dr. Innocentes Sator, Cynthia Pratt, and Tim

---

[1] Because the relationship between Corizon Medical Services and Correctional Medical Services is at this point unclear, the court will permit the claim to proceed against both entities, if indeed they are separate entities.

McConnell will be dismissed for failure to state a claim for which relief may be granted. The claims against the remaining defendants will be permitted to proceed. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge