IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY LYNN DRIVER, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:13-0364 |
| | ) JUDGE TRAUGER/KNOWLES |
| DR. INNOCENTES SATOR, et al., | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion to Strike First Medical Management's Objection to Plaintiff's First Request for Production of Documents." Docket No. 27. The thrust of Plaintiff's position is that First Medical Management's Objection is based upon an erroneous argument that FMM is not a party to this lawsuit. That issue has been addressed in a previous Order entered by the undersigned. Docket No. 23.

Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to Strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at **5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966). *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

FMM's Objection is not a "pleading," and it cannot be stricken. *See* Fed. R. Civ. P. 7. For the foregoing reasons, the instant Motion (Docket No. 27) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge