IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRY LYNN DRIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:13-0364 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| | ) | |
| PAUL ALEXANDER, M.D. and | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion for Leave to File a Supplemental Complaint." Docket No. 59. Plaintiff seeks to "supplement" his Complaint by averring actions that allegedly occurred after the filing of his Complaint. *Id.* Plaintiff has contemporaneously filed supporting materials, including his proposed Supplemental Complaint. Docket Nos. 59-1 - 59-3.

Defendants have filed a Response in Opposition to the instant Motion. Docket No. 65. Defendants essentially argue that Plaintiff's Motion should be denied because it would be futile, as the actions of which Plaintiff complains amount to medical malpractice claims and he has failed to adhere to the requirements for medical malpractice cases as set forth in Tennessee law. *Id.* Defendants also contend, "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional

violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Defendants assert that Plaintiff received medical care, and that the dispute at issue is whether the type of medication he has been prescribed is appropriate such that he received adequate treatment. *Id.*

Plaintiff's basic claims are that he is receiving medication (Tylenol 3 with Codeine) that is exacerbating his Hepatitis C and Cirrhosis of the liver, and that, for monetary reasons, Defendants are refusing to treat him with appropriate medication. *See* Docket Nos. 1, 59. Plaintiff has previously sought a Temporary Injunction against Defendants to prevent them from continuing to prescribe him Tylenol 3 with Codeine. Docket No. 26. The undersigned recommended that Plaintiff's Motion for a Temporary Injunction be denied (Docket No. 40), and the undersigned's recommendation was adopted and accepted by Judge Trauger (Docket No. 68).

The allegations of Plaintiff's proposed Supplemental Complaint are that, despite his requests to the contrary, Defendant Alexander has continued to prescribe him Tylenol 3 with Codeine, telling Plaintiff that he could safely take up to 4,000 mg per day of the Tylenol 3 with Codeine. Docket No. 59. Plaintiff argues that, within two weeks, he broke out in red spots that turned yellow and then brown, and that these spots had not been visible until after he was prescribed Tylenol 3 with Codeine as his pain medication. *Id.* Plaintiff argues that "nurses and other health care providers" have told him that the spots were an indication that his liver problems had worsened because he was taking Tylenol 3 with Codeine and that he should not be taking that medication. *Id.* Plaintiff contends that he again filed a grievance requesting to be taken off Tylenol 3 with Codeine and placed on different medication that would not harm his liver, but that Hospital Administrator Tim McConnell responded to his grievance saying that the

2

950 mg of Tylenol 3 with Codeine he was taking daily was safe, as he could take up to 4,000 mg per day. *Id.*

Although leave to amend a Complaint "shall be freely given when justice so requires" (Fed. R. Civ. P. 15(a)), "a motion to amend a complaint should be denied if the amendment . . . would be futile" (*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Futility can occur when, *e.g.*, the proposed amendment seeks to add a cause of action that is not legally cognizable (*Jet Inc. V. Sewage Aeration Systems*, 165 F.3d 419, 525 (6th Cir. 1999), or when the proposed amendment could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss (*Thiokol Corp. V. Dep't of Treasure, State of Mich., Rev. Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).

In Plaintiff's proposed Supplemental Complaint, Plaintiff acknowledges that Defendants have provided him medical care and treatment, as it is precisely the treatment that Defendants have provided him that is at issue. *See* Docket Nos. 59 - 59-3. Plaintiff's case centers on his desire for a different course of treatment than that provided to him by Defendants. *Id.* While Plaintiff is entitled to adequate medical care, he is not entitled to the medical care of his choosing. *Dotson v. Correctional Medical Services*, 584 F.Supp. 2d 1063, 1067 (W.D. Tenn. 2008). Plaintiff's contention that the course of treatment Defendants have prescribed for him is wrong and causes him harm is, therefore, essentially a medical malpractice claim. Medical malpractice claims sound in State law, and do not amount to a constitutional violation. *See, e.g, Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Leave to File a Supplemental Complaint be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge