IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY LYNN DRIVER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-364 |
| DR. PAUL ALEXANDER *et al.*, | ) Judge Trauger |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the court are the plaintiff's objections to two separate reports issued by the Magistrate Judge (ECF Nos. 70 and 73). In the first Report and Recommendation ("R&R") (ECF No. 70), the Magistrate Judge recommends denying the plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 59) on the basis of futility. In the second R&R (ECF No. 73), the Magistrate Judge recommends that the motion to dismiss filed by defendants Dr. Paul Alexander ("Alexander") and Corizon Medical Services ("Corizon") (ECF No. 45) be denied but recommends, instead, that the order granting the plaintiff *in forma pauperis* status be vacated and that the plaintiff be given 30 days from entry of the order vacating pauper status to submit the full filing fee in this action or face dismissal thereof. The Magistrate Judge further recommends that the motion to dismiss filed by defendant First Medical Management ("FMM") (ECF No. 47) be granted.

For the reasons set forth herein, the court will reject both R&Rs in substantial part, grant the plaintiff's motion to amend, and deny the defendants' motions to dismiss except to the extent that they seek dismissal of potential state-law claims for medical malpractice.

**I.  STANDARD OF REVIEW**

When a magistrate judge recommends the disposition of a motion to dismiss, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B). *See also* Fed. R. Civ. P. 72(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Plaintiff's Motion to Amend Complaint

Plaintiff Jerry Lynn Driver, a state prisoner presently housed at Riverbend Maximum Security Institution ("RMSI") who proceeds *pro se*, filed the complaint in this action under 42 U.S.C. § 1983. On initial review, the court dismissed the claims asserted in the complaint against Cynthia Pratt and Hospital Administrator Tim McConnell on the basis that the fact section of the complaint did not mention these defendants by name or indicate that they were personally involved in any of the actions giving rise to the plaintiff's claims. At best, the original complaint could be liberally construed as alleging that McConnell supervised the doctors who provided medical care to the plaintiff, but § 1983 does not permit supervisory liability without proof of personal involvement in the alleged constitutional violations. (*See* ECF No. 3, at 3 (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995), and *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it must be based on active unconstitutional behavior.")).) However, the court permitted the plaintiff's claims to proceed against defendants Dr. Paul Alexander, Corizon,[1] and FMM based on allegations that these defendants had been, and continued to be, deliberately indifferent to the plaintiff's serious medical needs, in violation of his Eighth Amendment rights, by knowingly refusing to provide necessary treatment for the plaintiff's hepatitis C and cirrhosis of the liver due to the cost. (*See* May 1, 2013 Memorandum Opinion and Order (ECF Nos. 3 and 4).) The plaintiff seeks monetary and injunctive relief in the form of an order that he receive treatment for his Hepatitis C.

On June 12, 2013, the plaintiff filed his motion for a preliminary injunction (ECF No. 26) to prohibit the defendants "from prescribing or giving Jerry L. Driver any and all pain medications that contain

---

[1] This defendant was improperly named in the complaint as "Corizon Medical Services."

Tylenol[2] or other NSAIDS as a pain medication." (ECF No. 26, at 1.) The Magistrate Judge recommended denial of that motion and the court adopted that recommendation over the plaintiff's objections.

On July 30, 2013, the plaintiff filed a Motion for Leave to File a Supplemental Complaint (ECF No. 59), which the court construes as a motion to amend the complaint. In his proposed amended complaint, submitted with his motion, the plaintiff adds new facts about events that occurred after he filed his original complaint (many of which are also raised in the motion for a temporary restraining order) that concern both Dr. Alexander and Tim McConnell. Specifically, the plaintiff now seeks to include the following new allegations:

> [F]rom circa June 1, 2013 until the present date, the defendant [Paul Alexander] changed my pain medication from Tramadol to Tylenol #3 with codeine. . . .
>
> E) Defendant Tim McConnel [sic] is the Hospital Administrator, and is the direct supervisor of Dr. Paul Alexander, and is directly responsible for the actions of Dr. Alexander, where he was made aware of Dr. Alexander ordering Tylenol #3 while knowing that Jerry L. Driver suffers from hepatitis C and cirrhosis of the liver. Hospital Administrator Tim McConnel knows that Plaintiff has hepatitis C and cirrhosis of the liver. Hospital Administrator Tim McConnel refused to order Dr. Alexander from prescribing Tylenol as pain medication harmful to Plaintiff's liver in the grievance attached. Plaintiff has personally asked the Defendant, Dr. Paul Alexander to change his medication to a medication that will not harm his liver. Defendant Dr. Paul Alexander was made aware that Plaintiff had broken out in yellowish and red spots over his body which have become inflamed and then turned brown. The Nurses, including Nurse Practitioner Lisa Jack have informed Jerry L. Driver that this is indicative of Tylenol Toxicity/Poisoning and is harmful to Plaintiff's liver and the Tylenol is metabolizing in my liver causing me harm.
>
> F) Defendant Tim McConnel as the Hospital Administrator has the duty to oversee the actions of Dr. Paul Alexander in providing medical care to the plaintiff, and not to allow Dr. Alexander to prescribe medications to plaintiff that will cause harm to his hepatitis C and cirrhosis of the liver, and he has failed to exercise those duties. The use of Tylenol is/will worsen plaintiff's cirrhosis of the liver. . . .

(ECF No. 59-3, at ¶¶ 10(E) & (F).)

Defendants Alexander and Corizon filed a response in opposition to the motion to amend, arguing that the new factual allegations pertaining to Alexander give rise, at most, to claims of medical malpractice under state law, and that the plaintiff had failed to comply with Tennessee state-law prerequisites to the filing of a medical-malpractice claim, including the filing of a certificate of good faith affirming that the plaintiff had consulted with a medical expert prior to filing suit. (*See* ECF No. 65 (referencing Tenn. Code Ann. § 29-26-122).)

---

[2] Tylenol is the best-known brand name for the medication whose generic name is acetaminophen.

In his R&R recommending that the plaintiff's motion to amend be denied, the Magistrate Judge found that the new allegations in the motion to supplement amounted only to a medical-malpractice claim, not a failure-to-treat claim under the Eighth Amendment, and that the proposed amendment would be futile and therefore should be denied. (ECF No. 70, at 3.)

### B. Defendants' Motions to Dismiss

On July 8, 2013, defendants Alexander and Corizon filed a motion to dismiss and supporting memorandum of law (ECF Nos. 45, 46), arguing that the plaintiff has filed multiple lawsuits in federal court while incarcerated that were dismissed as frivolous,[3] that the plaintiff has not alleged in his current complaint that he is in imminent danger of serious physical injury, and therefore that this action should be dismissed under 28 U.S.C. § 1915(g).

The same day, defendant FMM filed its own motion to dismiss and supporting memorandum of law (ECF Nos. 47, 48), echoing the arguments asserted in the other defendants' motion but also arguing that FMM was entitled to dismissal of the claims against it because (1) the plaintiff failed to adhere to the mandatory notice and filing requirements contained in Tenn. Code Ann. §§ 29-26-121 and -122, pertaining to medical-malpractice claims, and (2) the plaintiff's claims are barred by the applicable one-year statute of limitations.

The plaintiff filed a response in opposition to the motions to dismiss in which he conceded that he filed three prior actions in the past thirty-one years that he has been incarcerated that were dismissed as frivolous. He argued, however, that his present litigation falls under the exception to the three-strikes provision in 28 U.S.C. § 1915(g) because he has alleged facts that show imminent danger of serious physical injury. (ECF No. 53.) He did not respond to the alternative arguments raised in FMM's motion to dismiss other than to object to the characterization of any of his claims as medical-malpractice claims.

In his R&R addressing the defendants' motions to dismiss, the Magistrate Judge found that the plaintiff was subject to the three-strikes provision of § 1915(g) and that he failed to adequately allege

---

[3] The defendants attach as an exhibit to their motion unverified copies of orders of dismissal entered in *Driver v. Miller*, 3:94-0331 (M.D. Tenn. April 20, 1994) (Nixon, J.); *Driver v. Bradley*, No. 3:94-0395 (M.D. Tenn. May 11, 1994) (Nixon, J.); *Driver v. Ashe*, No. 3:94-0855 (M.D. Tenn. Sept. 28, 1994) (Nixon, J.); and *Driver v. Ashe*, No. 3:95-0020 (M.D. Tenn. Jan. 11, 1995) (Nixon, J.). (*See* ECF No. 46-1, at 2–5.)

imminent danger of serious physical injury. However, the Magistrate Judge also noted that ineligibility to proceed as a pauper did not *per se* warrant dismissal of the complaint. The Magistrate Judge therefore recommended instead that the order granting pauper status be vacated and that the plaintiff be required to submit the filing fee or suffer dismissal of his complaint if he could not do so.

The Magistrate Judge also found that the plaintiff had failed to comply with Tenn. Code Ann. §§ 29-26-121 and -122 and, therefore, that the plaintiff's claims against defendant FMM should be dismissed in their entirety. (ECF No. 73, at 6 (citing *Maliani v. Vanderbilt Univ. Med. Ctr.*, No. 3:10-0235, 2010 WL 4054268 (M.D. Tenn. Oct. 15, 2010).)

### III.    DISCUSSION

####    A.    Motion to Amend Complaint

The Federal Rules of Civil Procedure provide that a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard, however, is tempered by countervailing interests such as avoiding undue delay, repeated failure to cure deficiencies, and futility. *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). In this case, the Magistrate Judge concluded that the amendment would be futile because it asserted a medical-malpractice claim rather than a claim alleging constitutional violations. The question posed here is whether the proposed amendment would be futile.

In his objection to the R&R, the plaintiff argues only that he states claims for Eighth Amendment violations, not merely medical-malpractice claims. Clearly, the amendment would not be futile if his new allegations against Dr. Alexander reasonably can be construed to state claims under 42 U.S.C. § 1983 for violations of the plaintiff's constitutional rights.[4] The new allegations concern Dr. Alexander's prescribing Tylenol #3 (acetaminophen with codeine) to address pain symptoms caused by the plaintiff's hepatitis C

---

[4] Moreover, under 28 U.S.C. § 1367, the court would have supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, the court has federal-question jurisdiction over the plaintiff's § 1983 claims based on allegations that the defendants completely failed to treat the plaintiff's underlying hepatitis C and cirrhosis of the liver, and therefore would have supplemental jurisdiction over related medical malpractice claim(s) asserted against the same defendants. However, as discussed in section IV.C. of this memorandum, the plaintiff has failed to comply with state-law requirements pertaining to pleading medical malpractice under state law and therefore fails to state a malpractice claim for which relief can be granted.

and cirrhosis of the liver. The plaintiff alleges that he has been informed by numerous medical practitioners that acetaminophen is dangerous for someone like him with severely compromised liver function, that he has suffered new symptoms since being prescribed Tylenol #3 indicating that his liver function is declining, and that Dr. Alexander knows these facts.

In other words, according to the plaintiff, Dr. Alexander has not merely failed or refused to treat the plaintiff's pain; rather, he is knowingly treating it in a way that is inappropriate and harmful. The plaintiff alleges that Dr. Alexander has not simply been negligent in prescribing Tylenol #3 but rather that, in doing so, with full knowledge that the plaintiff has compromised liver function and that acetaminophen is contraindicated for persons with compromised liver function (according to the plaintiff), Dr. Alexander has acted with deliberate indifference to the plaintiff's serious medical needs. Based on the plaintiff's allegations, which the court must accept as true at this stage in the proceedings, the court finds that the plaintiff's new allegations against Dr. Alexander do not merely state a medical malpractice claim and, instead, may be construed to state a § 1983 claim based on the alleged violation of the plaintiff's Eighth Amendment rights.

The R&R recommending denial of the motion to amend on the grounds of futility will therefore be rejected, and the plaintiff's motion to amend the complaint to assert a new § 1983 claim against Dr. Alexander will be granted.

### B. Alexander and Corizon's Motion to Dismiss

The court notes that the motions to dismiss arguing that the plaintiff is not entitled to proceed as a pauper are technically based on matters outside the pleadings. The defendants produced the orders of dismissal in the decades-old cases, presumably with some difficulty as these orders are not available online, but the orders attached as exhibits to the complaint are not verified. In his original response to the motions to dismiss, however, the plaintiff conceded that at least three prior actions brought by him nearly twenty years ago, prior to the enactment of the PLRA, were dismissed as frivolous. Moreover, although the plaintiff now attempts, in his objection to the R&R, to raise a question of fact as to whether there were actually three dismissals, the court can and does take judicial notice that the case styles and docket numbers as identified by the defendants are correct, and that all four of the cases referenced by the defendants were dismissed without prejudice within just a few days of the date the complaints were filed.

The court concludes at this juncture, for purposes of the defendants' motion to dismiss, that there is no dispute that the plaintiff has at least three strikes against him and is therefore subject to the filing limitations imposed by 28 U.S.C. § 1915(g).

The question, then, is whether the plaintiff's pauper status should be revoked, or whether he should nonetheless be permitted to continue to proceed as a pauper on the basis that he has alleged facts showing imminent danger of serious physical injury. As discussed below, the court finds that the plaintiff has done so and that his pauper status should not be revoked.

In this case, the plaintiff's most immediate concern appears to be his perception that Dr. Alexander is acting with deliberate indifference in failing to treat his pain symptoms with a medication that does not exacerbate his liver condition, but the original focus of his complaint is that he is not receiving any treatment at all for his hepatitis C and cirrhosis of the liver. The plaintiff alleges that he was first diagnosed with hepatitis C and an inflamed liver in 2008 and at that time was told that, if he was not treated, he would die. (ECF No. 1, at 4.) The plaintiff alleges that he started on a forty-eight-week course of treatment with Ribavirin and interferon, which was stopped after eleven weeks because his white blood cell count had dropped. He claims he needed "booster shots" to bring his white blood cell count back up so he could continue treatment, but that Dr. Alexander and other prison officials refuse to provide these booster shots because they are too expensive. As a result, the plaintiff has not been, and is currently not, receiving any treatment for his condition, other than pain medication (previously morphine, and now only Tylenol #3). He complains that his health has continuously deteriorated since being taken off of the Ribavirin/interferon treatment and that the prison officials' failure to provide treatment will cause him to "die slowly and painfully due to monetary reasons alone." (ECF No. 1, at 5.) The plaintiff's complaint is verified, and the court is required at this stage of the proceedings to construe the complaint liberally and to accept the plaintiff's allegations as true.

Although Congress did not define "serious physical injury" as the phrase is used in § 1915(g), the Sixth Circuit has recently held that "alleging a danger of serious physical injury as a result of being presently denied adequate medical treatment for a chronic illness satisfies the imminent-danger exception." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 582–83 (6th Cir. 2013). *Cf. Jackson v. Jackson*, 335 F. App'x 14, 15 (11th Cir. 2009) (approving *in forma pauperis* status where "Jackson

contends that without surgery, which the defendant prison officials will not approve, he will continue to suffer from those injuries and may even face tissue death, gangrene, and internal bleeding" (footnote omitted)); *Ibrahim v. Dist. of Columbia*, 464 F.3d 3, 7 (D.C. Cir. 2006) (holding that "chronic disease that could result in serious harm or even death" satisfies the imminent-danger requirement); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding that HIV and hepatitis C, both chronic and potentially fatal diseases, meet the "serious physical injury" requirement). The plaintiff here alleges that he is not receiving treatment for a chronic and life-threatening illness, and his allegations satisfy the imminent-danger exception.

The court will therefore reject the recommendation that the plaintiff's pauper status be revoked and will deny Alexander's and Corizon's motion to dismiss on that basis.

### C. FMM's Motion to Dismiss

In its motion to dismiss, besides adopting the other defendants' rationale for dismissal of the case, FMM also characterizes the claims against it as state-law medical-malpractice claims and argues that they should be dismissed based on the plaintiff's failure to comply with the Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-121 and -122. FMM also argues that the claims against it must be dismissed based on the statute of limitations. In response, the plaintiff insists that his claims are grounded in Eighth Amendment violations, not medical malpractice.

As set forth above, the plaintiff's claims are not based entirely on negligence or medical malpractice. Instead, they are based on a complete failure to treat the plaintiff's serious, chronic illness. Thus, to the extent that FMM seeks dismissal of the claims against it in their entirety based on the TMMA, the motion must be denied.

The court does find, however, that, to the extent the complaint may be construed also to state supplemental state-law claims for medical malpractice—against any of the defendants—in addition to the § 1983 claims, the malpractice claims are subject to dismissal based on the plaintiff's failure to comply with the TMMA.

The Tennessee Supreme Court has held that, "when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable." *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636,

641 (Tenn. 2003).

The TMMA contains a pre-suit notice provision that includes the following requirements:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

    (2) The notice shall include:

        (A) The full name and date of birth of the patient whose treatment is at issue;

        (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

        (C) The name and address of the attorney sending the notice, if applicable;

        (D) A list of the name and address of all providers being sent a notice; and

        (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a)(1) & (2). In addition, and more importantly for this court's purposes, "[i]f a complaint is filed in any court alleging a claim for medical malpractice, the pleadings *shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2)*." Tenn. Code Ann. § 29–26–121(b) (emphasis added). In other words, the statute incorporates a pleading requirement that places the burden on the plaintiff asserting a medical-malpractice claim to affirmatively aver that he has complied with the TMMA's notice requirement as an element of his claim.

The TMMA also incorporates a certificate-of-good-faith requirement, as follows:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel *shall file a certificate of good faith with the complaint*. If the certificate is not filed with the complaint, the complaint *shall be dismissed*, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

    (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the

> requirements of § 29-26-115 . . . .; or
>
> (B) Believe, based on the information available from the medical records . . . and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel . . . .
>
> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section *shall, upon motion, make the action subject to dismissal with prejudice*. . . .

Tenn. Code Ann. § 29-26-122(a), (c) (emphasis added).

Here, neither the original complaint nor the proposed amendment alleges that the plaintiff provided pre-suit notice to the defendants as required by § 29-26-121, and the pleadings were not accompanied by a certificate of good faith as required by § 29-26-122. Based on these omissions, the court concludes that, to the extent the complaint can be construed to state a cause of action for medical-malpractice, any such claim is subject to dismissal with prejudice for failure to state a claim for which relief can be granted.

With respect to FMM's statute-of-limitations argument, which the Magistrate Judge did not address, the defendant's argument is inappropriately presented in a motion to dismiss rather than in a motion for summary judgment. FMM asserts in the memorandum in support of its motion that FMM ceased providing medical services at Riverbend, where the plaintiff is incarcerated, in December 2009. That statement presents an unverified fact that is outside the pleadings and of which the court has no ability to take judicial notice. It may well be a true fact, and the plaintiff's claims against FMM may be barred by the statute of limitations, even accounting for whatever tolling of the statute might be warranted during the period of time that the plaintiff exhausted administrative remedies against FMM, but a motion to dismiss, supported only by statements in an unverified memorandum of law, is not the appropriate vehicle for this argument.

The court will therefore reject the recommendation that FMM's motion to dismiss be granted in its entirety, but will accept the R&R insofar as it recommends dismissal of any state-law claims (against any defendant) for medical malpractice. FMM's motion to dismiss will be denied except as to the medical malpractice claims.

### D. Initial Review of Complaint as Amended

In the order conducting the initial review of the original complaint, the court dismissed the claims

asserted against Hospital Administrator Tim McConnell for failure to state a claim for which relief may be granted. In addition to presenting new facts in support of the § 1983 claim against Dr. Alexander, the new allegations in the amended complaint were clearly intended to overcome the identified deficiencies in the original pleading and to state a colorable claim against McConnell. The court reviews these allegations under the PLRA and concludes that the new allegations still fail to state a claim under § 1983 as to McConnell, and that although the court will permit the filing of the proposed amended complaint, the claims against McConnell will be dismissed.

The new paragraphs of the proposed amended complaint include allegations that McConnell "is the direct supervisor of Dr. Paul Alexander, and is directly responsible for the actions of Dr. Alexander", and that "McConnel [sic] as the Hospital Administrator has the duty to oversee the actions of Dr. Paul Alexander." (ECF No. 59-3, at ¶¶ 10(E) & (F).) As the court previously explained, supervisory liability cannot be imposed in a § 1983 action based on the theory of *respondeat superior*. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). That is, "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it must be based on active unconstitutional behavior." *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002) (internal quotation marks and citation omitted). The plaintiff's claim against McConnell is based solely on McConnell's denial of an inmate grievance filed by the plaintiff against Dr. Alexander, based on his prescribing Tylenol #3. In the Sixth Circuit, there is generally no supervisory liability for the failure to act. *See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) (holding that failure to correct the actions of subordinates was not enough to rise to the level of liability required under 42 U.S.C. § 1983); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act. . . .").

Thus, insofar as the plaintiff seeks to bring Hospital Administrator Tim McConnell back into this action through the allegations in the amended complaint, that attempt fails. The court will permit the allegations in the complaint to be amended as proposed, but will dismiss such claims in the amendment that might be construed to state a claim against McConnell.

In addition, for the reasons set forth herein, to the extent the complaint as amended may be construed to state a medical-malpractice claim, the medical-malpractice claim will be dismissed.

**IV. CONCLUSION**

The R&R recommending that the plaintiff's motion to amend be denied (ECF No. 70) will be rejected, and the plaintiff's motion to amend his complaint will be granted. However, insofar as the amended complaint might be construed to state claims against Hospital Administrator Tim McConnell or to state a medical-malpractice claim against Dr. Alexander, such claims will be dismissed.

The R&R recommending revocation of the plaintiff's pauper status and dismissal of the claims against FMM will be rejected, except to the extent it recommends dismissal of any state-law claims for medical malpractice. The defendants' motions to dismiss will be granted only insofar as they address any putative medical-malpractice claims, and denied in other respects.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge