IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY LYNN DRIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-364 |
| ) | |
| DR. PAUL ALEXANDER *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

## ORDER

Before the court are the plaintiff's objections (ECF No. 77) to two separate reports issued by the Magistrate Judge (ECF Nos. 70 and 73). In the first Report and Recommendation ("R&R") (ECF No. 70), the Magistrate Judge recommends denying the plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 59). In the second R&R (ECF No. 73), the Magistrate Judge recommends that the motion to dismiss filed by defendants Dr. Paul Alexander ("Alexander") and Corizon Medical Services ("Corizon") (ECF No. 45) be denied, but also recommends that the order granting the plaintiff *in forma pauperis* status be vacated and that the plaintiff be given 30 days from entry of the order vacating pauper status to submit the full filing fee in this action or face dismissal thereof. The Magistrate Judge further recommends that the motion to dismiss filed by defendant First Medical Management ("FMM") (ECF No. 47) be granted.

The court has considered *de novo* the portions of the R&R to which objections are lodged. For the reasons set forth in the accompanying Memorandum Opinion, the court finds that the motion to amend the complaint is not futile. The R&R recommending that the plaintiff's motion to amend be denied (ECF No. 70) is therefore **REJECTED**, and the plaintiff's motion to amend his complaint is **GRANTED**. However, insofar as the amended complaint might be construed to state claims against Hospital Administrator Tim McConnell or to state a medical-malpractice claim against Dr. Alexander, such claims are **DISMISSED WITH PREJUDICE**.

The court further finds that, although the plaintiff is subject to the three-strikes rule contained in 28 U.S.C. § 1915(g), the plaintiff alleges imminent danger of serious physical injury and is therefore

entitled to continue to proceed *in forma pauperis*. The recommendation (ECF No. 73) that the plaintiff's pauper status be revoked is therefore **REJECTED**. Defendants' Dr. Alexander and Corizon's motion to dismiss the complaint on the grounds that the plaintiff is not entitled to proceed *in forma pauperis* and their alternative motion for revocation of pauper status (ECF No. 45) is therefore **DENIED** except insofar as the defendants seek dismissal of any potential medical-malpractice claims. Such medical-malpractice claims are **DISMISSED WITH PREJUDICE**.

Likewise, the court **REJECTS** the recommendation that defendant First Medical Management's motion to dismiss (ECF No. 47) be granted, and **DENIES** FMM's motion to dismiss, except insofar as it seeks dismissal of any state-law claims for medical malpractice. Such medical-malpractice claims are **DISMISSED**. If FMM believes it is entitled to judgment in its favor on statute-of-limitation grounds, it must file a properly supported motion for summary judgment under Fed. R. Civ. P. 56.

This matter remains **REFERRED** to Magistrate Judge Knowles.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge